UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RICHARD W. BARNES )
)
v. ) NO. 2:06-CV-36
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

MEMORANDUM OPINION

The plaintiff Richard W. Barnes has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security, Jo Anne B. Barnhardt, to deny his application for supplemental security income and disability benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Barnes was born in 1958 and was 47 years old at the time of his administrative hearing. [Tr. 12, 54]. He completed three years of college and has relevant past work experience as a restaurant general manager and automobile salesperson. [Tr. 13, 246]. Mr. Barnes alleges disability as of August 1, 2002, from heart problems, low back and wrist pain, pulmonary surgery to his right lung, high blood pressure, arthritis, muscle spasms, fatigue, and depression. [Tr. 13]. Based upon a finding that his severe impairments were not severe enough, the

Administrative Law Judge [ALJ] found that Mr. Barnes was not disabled as defined by the Social Security Act. [Tr. 17].

At Mr. Barnes' first administrative hearing held on February 3, 2005, the testimony of Mr. Barnes was received into evidence. [Tr. 245-58]. Mr. Barnes testified that he lives with his mother who has Alzheimer's. [Tr. 245]. He was in the restaurant management business for about 18 or 19 years and then worked as an automobile salesperson. [Tr. 247]. Mr. Barnes left the restaurant business in 1995 following a back injury after a fall while working at a restaurant. [Tr. 248]. Mr. Barnes then left his job as an automobile salesperson in July 2002 because of two physical problems. [*Id.*]. First, he was having trouble standing on the lot and waiting on customers because of back pain. [*Id.*]. Second, because of right hand pain, he was having trouble completing the necessary paperwork when someone wanted to purchase a car. [*Id.*]. Mr. Barnes has had one surgery on his hand and might have another. [Tr. 248-49]. He also had surgery on his left leg to help with sharp pain that spread from his hip to his foot. [Tr. 249-50]. Mr. Barnes testified that, as a result of his physical problems, he experienced depression and was taking an anti-depressant. [Tr. 253].

A supplemental hearing was held on May 24, 2005, at which medical expert Dr. Theron Blickenstaff and vocational expert Dr. Robert Spangler testified. [Tr.

262-68]. Dr. Blickenstaff testified he did not think Mr. Barnes met or equaled the requirements for a listing impairment and did not have a severe physical impairment which caused work-related restrictions. [Tr. 263]. He found it would be reasonable to limit Mr. Barnes to lifting no more than 20 pounds occasionally and 10 pounds frequently. [*Id*.]. And, because of documented problems with his right wrist, Mr. Barnes should also be limited to work that did not necessitate strenuous and repetitive use of his right hand. [*Id*.].

Vocational expert Dr. Spangler testified next. [Tr. 365-68]. The ALJ asked him to assume a man of Mr. Barnes' age, education, and IQ who was limited to light work that did not require strenuous and repetitive motion with his right wrist and right hand. [Tr. 365]. The vocational expert testified such a person could work as a cashier, interviewer, information clerk, library clerk, record clerk, factory messenger, general office clerk, security guard, and theater usher, *inter alia*. [Tr. 366].

The ALJ ruled that Mr. Barnes was not disabled because his severe impairments of status-post lumbar laminotomy and diskectomy and osteoarthritis of the right wrist were not severe enough for a finding of disability. [Tr. 17]. The ALJ then found Mr. Barnes retained the residual functional capacity [RFC] to perform light work consistent with the ability to perform repetitive work with his

right wrist and hand but no work requiring strenuous and repetitive use of the right hand. [Tr. 20]. With those limitations, Mr. Barnes could perform work that exists in both the regional and national economies. [Tr. 19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Barnes requests a judgment on the pleadings and challenges the ALJ's finding that he did not have a severe mental impairment. Specifically, Mr. Barnes argues that the ALJ improperly rejected the opinion of consultative psychologist Dr. Dennis Spjut. Dr. Spjut examined Mr. Barnes in May 2005 and diagnosed him with a dysthymic disorder and an anxiety disorder and indicated that a diagnosis of dementia (due to multiple causes) should be considered. [Tr. 228]. Dr. Spjut

4

found that because of Mr. Barnes' "psychological turmoil and chronic pain syndrome, he would have difficulty focusing his attention and concentrating on a consistent basis." [*Id.*]. The doctor found Mr. Barnes was not "capable of maintaining schedules, attendance, or sustaining a regular work routine in a competitive labor situation." [*Id.*].

The ALJ rejected Dr. Spjut's opinion because it was "totally inconsistent with [the doctor's] own objective findings and the overall evidence of record." [Tr. 17]. Dr. Spjut's opinion was inconsistent with his own objective findings in at least two respects. First, the doctor indicated Mr. Barnes generally "evidenced a thoughtful problem solving approach throughout" testing during his evaluation. [Tr. 226]. That observation seems at odds with his finding that Mr. Barnes would have difficulty focusing his attention and concentrating on a consistent basis. Second, Dr. Spjut diagnosed Mr. Barnes with an anxiety disorder but indicated at one point that "[s]pecific anxiety was not noted" during the evaluation and at another point that Mr. Barnes' "anxiety level is high." [Tr. 225, 228].

Dr. Spjut's opinions were also inconsistent with the overall evidence of record in the case. Neither Mr. Barnes himself nor any physician has ever indicated that he has difficulty with concentration and attention. In fact, Mr. Barnes testified he left his last job as an automobile salesperson not because of any

5

mental problems but because his back pain made him "less and less able to stay out there and compete with the other men on the lot." [Tr. 248]. In addition, Dr. Spjut's concerns about dementia were not echoed by any other physician. [Tr. 228]. The ALJ's rejection of Dr. Spjut's opinions was made with substantial evidence.

Mr. Barnes also contends the ALJ improperly discounted the opinions of Dr. Lawrence Mathers (his treating physician) and Dr. Berta Bergia (a consultative physician). Dr. Mathers had been Mr. Barnes' treating physician since October 2003. [Tr. 162]. In March 2004, Dr. Mathers wrote a short note for Mr. Barnes which stated that he had "degenerative joint disease of his right wrist and low back" as well as a "L4-L5/L5-S1 radiculopathy causing left leg pain and weakness." [Tr. 157]. As a result, Mr. Barnes had a "significant disability" and his ability to work was impaired. [*Id*.].

Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2). Regardless, the ALJ is

6

required to "give good reasons" in his decision about the weight given to a treating source's opinion. *Id.*

The ALJ deciding Mr. Barnes case did not evaluate the opinions of Dr. Mathers. Although the doctor's opinions are outlined in the ALJ's decision, he fails to indicate "good reasons" or any reasons for the weight he gave to Dr. Mathers' opinions. As a result, this case must be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further development of the evidence with regard to the ALJ's consideration of the opinions of Dr. Mathers.

Mr. Barnes was also examined by state agency physician Dr. Bergia in March 2005. [Tr. 209-15]. Dr. Bergia found that Mr. Barnes was severely depressed and had low back pain. [Tr. 213]. The doctor indicated Mr. Barnes had the RFC to occasionally lift/carry a maximum of 20 pounds and frequently lift/carry a maximum of five pounds. [Tr. 213-14]. Mr. Barnes would be able to stand, walk, and sit for a total of two to three hours out of an eight-hour workday. [Tr. 214]. He would be, according to the doctor, unable to climb, stoop, kneel, balance, crouch, or crawl. [*Id.*]. Finally, Dr. Bergia indicated Mr. Barnes should not work near heights, vibrations, and moving machinery. [*Id.*]. Dr. Bergia noted that the "majority of these restrictions are based on [Mr. Barnes'] self-reported pain behavior because there was very little in regard to hard objective neurological

evidence for any radiculopathy or limitations." [*Id*.].

According to the ALJ, the assessment of Dr. Bergia was "inconsistent with his own clinical findings and other objective medical evidence of record" and was, therefore, rejected. [Tr. 18]. On that, this court agrees. By Dr. Bergia's own admission, there was little objective evidence to support the limitations he suggested for Mr. Barnes. [Tr. 213-14]. In addition, Dr. Mona Mishu completed a physical RFC assessment of Mr. Barnes in November 2003 and found he retained the ability to occasionally lift/carry 50 pounds, frequently lift/carry 10 pounds, and sit/stand/walk for about six hours in an eight-hour workday. [Tr. 174]. She did not indicate any of the postural limitations that Dr. Bergia did. [Tr. 175]. In May 2004, Dr. Charles Gill performed another physical RFC assessment of Mr. Barnes and obtained the exact results of Dr. Mishu. [Tr. 189-90]. Because Dr. Bergia's limitations were unsupported by the medical evidence in the record and unsupported by the doctor's own objective findings, the ALJ's rejection of them was made with substantial evidence.

Next, Mr. Barnes claims the ALJ erred by finding he could perform a significant number of jobs. He asserts that according to testimony of the vocational expert, he is unable to perform any work. The ALJ asked the vocational expert what sort of jobs a person could perform if the person could only stand for

two hours out of an eight-hour workday and sit for less than six hours out of an eight-hour workday. [Tr. 267]. According to the vocational expert, there would be no jobs for such a person to perform. [*Id.*]. In addition, if a person had difficulty consistently paying attention and concentrating, maintaining a schedule, and sustaining a regular work routine in a competitive environment, employment would be unavailable. [Tr. 267-68]. These limitations are from the reports of Drs. Spjut and Bergia, as referenced above.

The ALJ, however, is not required to find credible all of the limitations he includes in the hypothetical questions asked of the vocational expert. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Because this court found above that the ALJ decision to reject the opinions of Drs. Spjut and Bergia was made on substantial evidence, the ALJ was not required to accept that particular part of the vocational expert's testimony. The ALJ did accept the vocational expert's testimony that there was substantial work in the local and national economy for someone of Mr. Barnes' age, education, and IQ who was limited to light work that did not require strenuous and repetitive motion with his right wrist and right hand. [Tr. 365-66]. An ALJ's decision that a claimant can perform a significant number of jobs can be supported by vocational expert testimony which contains a similar finding. *Cline v. Commissioner of Social*

*Security*, 96 F.3d 146, 149-50 (6th Cir. 1996). As such, the ALJ's finding that Mr. Barnes could perform a significant number of jobs was made with substantial evidence.

Finally, Mr. Barnes argues the ALJ improperly assessed his credibility, specifically his allegations of pain. The ALJ found that Mr. Barnes' "allegations of disabling pain and other physical symptoms" were "not supported by the record as a whole." [Tr. 18]. The ALJ noted that Mr. Barnes' acute symptoms and problems improved with appropriate treatment, he had not received treatment for his back problems since October 2004 or ever been referred for pain management, the treatment record was inconsistent regarding his allegations of pain and symptoms, and no physician had restricted his activities. [*Id.*]. Based on the above, the ALJ's decision regarding Mr. Barnes' credibility was based on substantial evidence. However, this court also notes that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Mr. Barnes' motion for a judgment on the pleadings [Doc. 10] will be granted in part, the defendant's motion for summary judgment [Doc. 11] will be

denied, and this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further development of the evidence with regard to the ALJ's consideration of the opinions of Dr. Mathers.

    An appropriate order will follow.

ENTER:

                                             s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE

11

Case 2:06-cv-00036   Document 13   Filed 08/16/06   Page 11 of 11   PageID #: 11